# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN LUZ MARCANO, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | NO. EDCV 11-1484 AGR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Carmen Luz Marcano filed this action on September 26, 2011.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on October 25 and 26, 2010.  (Dkt. Nos. 7, 8.)  On June 14, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

# I.

# PROCEDURAL BACKGROUND

On December 9 and 12, 2008, Marcano filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of January 1, 1999. Administrative Record ("AR") 18, 121-31. The applications were denied initially and upon reconsideration. AR 18, 56-59. Marcano requested a hearing before an Administrative Law Judge ("ALJ"). AR 77. On August 4, 2010, the ALJ conducted a hearing at which Marcano and a vocational expert ("VE") testified. AR 32-55. On November 30, 2010, the ALJ issued a decision denying benefits. AR 18-28. On July 22, 2011, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.
# DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Marcano had the severe impairments of obesity and osteoarthritis of both knees. AR 20. She did not meet or equal a listed impairment. AR 23. Marcano had the residual functional capacity ("RFC") to perform a range of light work. She can "lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk six hours out of an eight-hour workday; sit for six hours out of an eight-hour workday; climb, kneel, and squat occasionally; and use a cane as needed." AR 23. However, the Commissioner concedes that the ALJ's reference to Marcano's ability to stand and/or walk six hours out of an eight-hour day is a transcription error. JS 23. The ALJ's hypothetical to the VE assumed that a claimant could stand/walk two hours out of an eight-hour day.[1] AR 52. The ALJ found, consistent with the VE's testimony, that Marcano could perform her past relevant work as an electronics assembler as actually and generally performed. AR 27.

### C. Listing 1. 02

Marcano contends that the ALJ improperly considered whether her combination of impairments met or equaled Listing 1.02(a). .

---

[1] The examining physician cited by the ALJ opined that Marcano could stand/walk two hours out of an eight-hour day. AR 319.

The claimant bears the burden of demonstrating that her impairments are equivalent to one of the listed impairments that are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id.* at 141; *see also Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (quoting 20 C.F.R. § 416.925(a), emphasis in original). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* at 530 (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is *not* listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526, emphases in original). "'Medical equivalence must be based on medical findings.' A generalized assertion of functional problems is not enough to establish disability at step three." *Id.* at 1100 (quoting 20 C.F.R. § 404.1526).

Listing 1.02(a) reads: "*Major dysfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings

4

on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With: A.  Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R., Part 404, Subpart P, Appendix 1.  An inability to ambulate effectively is defined as "an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities."  *Id.* § 1.00B.2.b(1).  An example includes "the inability to walk without the use of a walker, two crutches or two canes . . . ."  *Id.* § 1.00B.2.b(2).

Marcano contends her impairments resulted in an "inability to ambulate effectively" and met or equaled Listing 1.02(a).  However, in her Adult Function Report, Marcano stated she required use of a cane.  AR 215, 224.  She drove a car when she had "something important to do" and went to the store every two weeks.  AR 219.  At the hearing, Marcano testified she drove "short distance[s] but not often."  AR 38.  She went to the doctor and grocery shopping but required a "cart that take[s her] around."  AR 42.  She was able to cook meals but "cannot just stand up all the time [while] I'm doing something."  AR 40, 213, 217.

The ALJ noted that examining physician Dr. Sophon reported Marcano "came in with a cane," but "demonstrated a normal gait without using the cane."  AR 317.   Dr. Sophon specified that Marcano "will require a cane for prolonged walking."  AR 319.  The ALJ gave "great weight" to Dr. Sophon's findings and included this limitation in the RFC.  AR 23, 26.

The ALJ's finding that Marcano did not meet or equal a listing was supported by substantial evidence.  The ALJ did not err.

5

### D. Treating Physician's Opinion

Marcano contends the ALJ failed to consider properly the opinions of her treating physicians, Drs. Nguyen and Balinos.

An opinion of a treating physician is given more weight than the opinion of a non-treating physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When, as here, a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* at 632 (citations omitted and quotations omitted). When the ALJ declines to give a treating physician's opinion controlling weight, the ALJ considers several factors, including the following: (1) the length of the treatment relationship and frequency of examination;[2] (2) the nature and extent of the treatment relationship;[3] (3) the amount of relevant evidence supporting the opinion and the quality of the explanation provided; (4) the consistency with the record as a whole; and (5) the specialty of the physician providing the opinion. *See id.* at 631; 20 C.F.R. § 404.1527(d)(1)-(6). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

A treating physician's opinion as to the ultimate determination of disability is not binding on an ALJ. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

---

[2] "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

[3] "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion." 20 C.F.R. § 404.1527(d)(2)(ii).

The existence of disability "is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity" and is reserved to the Commissioner. *Id.*

The ALJ found that Marcano's body mass index of 53 indicated the highest level of obesity (level III). AR 21 & n.1. Marcano was 5'2" and 291 pounds.

On May 7, 2009, on a "Certificate of Disability and/or Return to School/Work" form, Dr. Nguyen opined that Marcano was disabled from "August 4, 2008 to present" due to severe knee pain, arthritis, complex tears in the meniscus, and obesity. AR 409. In response to a request for additional medical information, Dr. Nguyen estimated that Marcano would be able to perform her customary work as of December 31, 2009. AR 410. It should be noted, however, that the form stated that "indefinite" was not an acceptable answer. *Id.*

According to the December 2008 x-rays of both knees, the left knee had severe degenerative joint disease and severe joint space narrowing with near bone-on-bone articulation of medial compartment. AR 412. There was also patellofemoral joint space narrowing with bony spurring. *Id.* The right knee had moderate-to-severe degenerative joint disease, with moderate-to-severe joint space narrowing. AR 411. Again, there was patellofemoral joint space narrowing with bony spurring. *Id.* Previously, the October 2008 MRIs found large osteophytes in all three compartments of the knee, and complex tears of both medial and lateral menisci with extrusion and mass effect on adjacent ligaments. AR 363-64.

Dr. Nguyen noted degenerative joint disease of both knees and obesity. AR 355. Marcano had reduced range of motion and walked with a cane. *Id.* She had "very painful knees." AR 353. She was given an orthopedic referral. AR 354. In December 2008, the orthopedic clinical notes contain the results of an

orthopedic examination and a diagnosis of osteoarthritis of both knees, with the left knee worse than the right knee. AR 413.

The ALJ rejected Dr. Nguyen's[4] opinion because it was not accompanied by a description of functional limitations. AR 26. This finding is not supported by substantial evidence. Dr. Nguyen's file contained supporting x-rays and MRIs, and he noted Marcano had reduced range of motion and walked with a cane.[5] AR 355, 351-50, 361-70. *Compare Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995) (treating physician's opinion of disability contained no functional limitation such as inability to walk, stand or sit).

The ALJ gave great weight to the opinion of the examining physician Dr. Sophon. AR 315-20. Dr. Sophon reviewed the October 2008 MRIs but did not have the December 2008 X-rays or the December 2008 orthopedic clinical notes. AR 315-16. His examination of the knees indicated enlargement deformity with generalized anterior tenderness on both knees. AR 318. Marcano had painful restriction of motion of both knees. *Id.* Dr. Sophon diagnosed osteoarthritis in both knees, and noted Marcano will require a cane for prolonged walking. AR 319. Dr. Sophon found Marcano capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently. *Id.* She is restricted to standing and walking 2 hours out of an 8-hour workday and sitting 6 hours out of an 8-hour

---

[4] Marcano states that the ALJ misidentified Dr. Nguyen as Dr. Franklin. AR 26. The signatures are difficult to read. AR 409-10.

[5] The ALJ properly rejected Dr. Balinos' opinion. On August 19, 2010, in a one-page "To Whom It May Concern" letter, Dr. Balinos noted he had been treating Marcano since July 7, 2010. AR 433. He opined that due to Marcano's "chronic pain and degenerative joint disease of both knees, she is unable to do any part-time or fulltime competitive work." *Id.* The ALJ rejected Dr. Balinos' opinion because it was unsupported. An ALJ may discount a treating physician's opinion on that basis. *Orn*, 495 F.3d at 631. "'[T]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted).

8

workday. *Id.* She can perform only occasional climbing, kneeling, squatting and walking on uneven ground. *Id.*

The state agency physicians reviewed the medical records and Dr. Sophon's report. They opined that Marcano's RFC was limited to sedentary work, thereby disagreeing with Dr. Sophon's assessment of light work. AR 333, 335-36, 431-32.

The ALJ did not provide a specific and legitimate reason for rejecting Dr. Nguyen's opinion. On remand, Dr. Nguyen's opinion should be credited for the period beginning August 4, 2008, as stated in his report.[6]

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for further proceedings consistent with this opinion. Dr. Nguyen's opinion must be credited as true for the period beginning August 4, 2008.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 25, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge

---

[6] Marcano alleged an onset date of January 1, 1999. AR 18. However, there is no indication in the medical records that the severity of her bilateral knee condition dated back to that time.